IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MELISSA SAPP-SMITH,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>WASATCH PROPERTY MANAGEMENT, et al.,<br><br>　　　　　　　　Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No.2:18cv413-DAK-BCW<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

　　　　This case is referred to the undersigned by District Judge Dale A. Kimball in accordance with 28 U.S.C. § 636(b)(1)(B).[1] In June 2018, the court granted Plaintiff Melissa Sapp-Smith's (Plaintiff) request to proceed in *forma pauperis*.[2] It appears Plaintiff is attempting to allege violations of the Fair Housing Act. Defendants responded by filing a motion to dismiss pursuant to Rule 12(b)(6).[3] After reviewing the parties' arguments and briefs, the court RECOMENDS the motion to dismiss be GRANTED with prejudice.

### BACKGROUND AND ANALYSIS

　　　　Plaintiff's Complaint is cryptic at best. It provides a list of dates with accompanying events such as "Discriminatory Lease Renewal," "Vehicle Tenant Profiling Selectively Stickered and Towed," and "Unlawful Detainer," without any factual assertions that connect any of these events to the Defendants. Under the request for relief Plaintiff states as follows:

> 2.1 million dollars for linking lease renewal to the Nikita Smith vs. Wasatch Property Management case March 2017 labeling black women and how late notices hurt them. For discriminating against unsuspecting tenants with a company form that was discriminatory, damaging without explanation nor tenant consent. For adding an

---

[1] ECF No. 9.
[2] ECF No. 2.
[3] ECF No. 13.

> additional amount though small to monthly fee with no explanation and never correcting same for 13-months. Because the lease renewal form is a company form document means that it is used throughout there [sic] company. A little theft from time to time is NOT ok. For racial profiling of selective tenant vehicles for towing with complete ignorance of vehicle parking violations i.e. missing month sticker for 12-13 months with NO sticker, no towing vehicle belonging to next door neighbor parking space 179 plainiff [sic] parking space 178. For Kirk Cullimore utilizing unethical use of his access to the state district courts.  In 2015, Bankruptcy Case Number 15-26504 Cullimore ignored the Stay of Relief and filed an eviction to my credit report. It is not OK to use the local district court for retaliation purposes. The amount requested is for PUNITIVE Purposes.

The Complaint also contains 14 exhibits that appear to be related to Plaintiff's lease agreement and a discrimination complaint filed with the Utah Anti-Discrimination Division.

Defendants responded to the Complaint by filing a motion to dismiss under Rule 12(b)(6).  A motion to dismiss pursuant to Rule 12(b)(6) should not be granted  "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[4]  All well-pleaded factual allegations in the complaint are accepted as true, and viewed in the light most favorable to the nonmoving party.[5]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[6]  Accordingly, "only a complaint that states a plausible claim for relief survives a motion to dismiss[.]"[7]

Here, Plaintiff's Complaint is unintelligible.  It is not organized in numbered paragraphs or contain a "formulaic recitation of the elements of a cause of action."  Although it contains references to "racial profiling" and "discrimination," the Complaint is void of any well-pleaded

---

[4] *GFC Corp. v.  Associated Wholesale Grocers, Inc*., 130 F.3d 1381, 1384 (10th Cir. 1997) (internal citation omitted).
[5] *Ash Creek Miming Co., v. Lujan*, 969 F.2d 868, 870 (10th Cir. 1992).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[7] *Id*. at 679.

facts that support these inferences.  Instead the Complaint contains random exhibits without any explanation.  Ultimately, the Complaint is so vague it is difficult for the court to frame any viable claims.  Under these circumstances, the Complaint is insufficient to state a claim for relief and should be dismissed under Rule 12 (b)(6).

Moreover, there are other proper grounds for dismissal.  Rule 8(a) of the Federal Rules of Civil Procedure, specifically requires that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, … (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Thus, vague or unintelligible pleadings like the Complaint here violate the requirements of Rule 8.  The Tenth Circuit has held that where a complaint does not comply with the requirements of Rule 8, a court on its own initiative or in response to a defendant's motion, may dismiss the complaint under Rule 41(b) of the Federal Rules of Civil Procedure.[8]  Accordingly, dismissal pursuant to Rules 8 and 41 is also warranted here.[9]

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed with prejudice.

---

[8] *See, e.g. Nasious* v. *Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007); *Chavez v. Huerfano County*, 195 Fed.Appx. 728, 730 (10th Cir. 2006)(upholding the district court's dismissal of pro se plaintiff's complaint for failing to meet the Rule 8 pleading requirements); *Owens-El v. Kostar*, 220 Fed.Appx. 781, 782 (10th Cir. 2007)(affirming the district court's dismissal of complaint for failure to contain a short plain statement).
[9] Although *pro se* litigants are held to a less stringent standard, it is improper for the court to have to sort through a vague or unintelligible complaint to construct the plaintiff's case for her. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## NOTICE

Copies of this Report and Recommendation are being sent to Plaintiff who is hereby notified of her right to object. Within fourteen (14) days after being served with a copy, Plaintiff may serve and file written objections to such proposed findings and recommendations as provided by rules of Court. Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 5 February 2019.

Brooke C. Wells
United States Magistrate Judge